**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 18-cv-21550-KMW

JESUS A. BARRIOS and other similarly-situated individuals,

Plaintiff,

v.

SOUTHERN & CARIBBEAN AGENCIES, INC. and CARLOS A. SAENZ, individually,

Defendants.
______________________________________/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND ANSWER AFFIRMATIVE DEFENSES AND TO ADD COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**

Defendants, by and through Undersigned Counsel, hereby reply to Plaintiff's Response in Opposition to Defendants' Motion to Amend Answer Affirmative Defenses, and To Add Counterclaim to Plaintiff's Complaint [DE 27], and in support of Defendants' Motion to Amend Answer Affirmative Defenses and to Add Counterclaim to Plaintiff's Complaint [DE 23], and in reply to Plaintiff, state as follows;

**SUMMARY OF ARGUMENT**

> Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). **"Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."** *Thomas*, 847 F.2d at 773 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). **"The Supreme Court has emphasized that leave to amend *must* be granted absent a specific, significant reason for denial . . . ."** *Spanish Broad. Sys.*, 376 F.3d at 1077 (emphasis added).

Pioneer Metals, Inc. v. Univar USA, Inc., 168 Fed. Appx. 335, 336-337 (11th Cir. Fla. Feb. 16, 2006) (Emphasis Added).

Plaintiff argues that the standard under Fed.R.Civ.Pro. 16 is not met for amendment of the Complaint, and that there is no pendent jurisdiction for what Plaintiff labels a state claim. However, the motion to amend was made within the amendment deadline, hence Rule 15, and not Rule 16, applies. The Computer Fraud and Abuse Act is a Federal Statute for which original jurisdiction is vested in Federal Court, not a pendent state claim.

With those two considerations in mind, the Plaintiff's Response does not posit an actual reason to deny amendment, because the Defendants do not need to meet the standard under Rule 16, but, rather, the much more liberal standard under Rule 15, and there is no pendent jurisdiction that Defendant needs to justify. The counter-claim just needs to be permissive, not compulsory.

The claim and the counterclaim arise out of the same transaction and occurrence. The Plaintiff alleges a retaliatory discharge, and the counter-claim gives a legitimate business reason for the termination. The Plaintiff was fired for what he did to the Defendants computers, in addition to performance issues, those performance issues were, in part, discovered when restoring the information sabotaged from the Defendants' Computer. The legitimate reason for termination, raised by the counterclaim, is inextricably intertwined with an allegation of retaliatory discharge. The essential issue is whether the termination and CFAA Cause of Action arise out of the same transaction or occurrence, and they do arise out of the same transaction or occurrence, the sabotage of Defendants' Computer.

**MEMORANDUM OF LAW**

Rule 15(a) sets a liberal standard for amendment. The standard is so liberal that the idea that the Court has discretion over whether to grant amendment is somewhat misleading. The Court must grant leave to amend unless there is a substantial reason to deny amendment, and in the instant action there is no substantial reason to deny amendment.

> **However, "'discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'"** *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir.1981). **This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion;** thus, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 598.

*Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. Fla. June 18, 1984) (Emphasis Added).

Hence, the question becomes whether there is a logical relationship between the claim and the counterclaim, noting that the counterclaim is not being asserted as a set off. The affirmative defenses in Defendant's Proposed Amended Answer do not assert the right to a set-off based off the counterclaim. The Counterclaim may outweigh and not set off the FLSA Claim, or it may be minor in comparison to what a jury awards on the FLSA Claim. What cannot be argued now, is that the application of a set-off would result in a payment to Plaintiff that is sub-minimum wage, as any amount alleged to be owed to Plaintiff under the FLSA, and the amounts owed to the Defendants under the FCAA, are unknown. Without knowing these amounts, it is impossible to assume that one amount drives the other amount below minimum wage.

Plaintiff's argument puts the cart before the horse. Plaintiff's argument assumes that the Plaintiff is entitled to unpaid overtime under the FLSA, and that the amount Defendant will receive in damages under the CFAA counterclaim will offset the overtime owed, to an amount less than minimum wage. Presently, there is no amount owed for either allegation, by either party, hence what one amount will do to the other cannot be presumed.

The claims, of retaliatory discharge and the violation of the CFAA, arise out of a common nucleus of events, and are inextricably intertwined with each other. The retaliation claim is directly contradicted by the CFAA Claim. Clearly, the discharge was not retaliatory if it was, as Defendants

allege, partially based off the Plaintiff sabotaging the Defendants' computers. Sabotage of a computer is a legitimate business reason to terminate an employee, whether they have participated in a protected activity or not.

Perhaps, had there been no retaliation claim, the Plaintiff would have some argument that the sabotage of a computer by an employee is a separate action from any overtime claim. The FCAA may be a separate action from any overtime claim, although Defendants argue they both arise from the employment in question, however same is not relevant. A claim that there was sabotage of an employer's computer is not unrelated to the retaliatory termination allegation in the Complaint, because the sabotage of the Defendants' computer acts as a legitimate business reason for termination, unrelated to a protected activity. The retaliatory discharge claim, and the CFAA counterclaim, are inextricably intertwined. The common occurrence, or transaction, out of which each allegation arises is the sabotage of the computer leading to the termination.

Plaintiff chose to mediate before the amendment deadline, and to serve discovery before same. The timing of the mediation was agreed to by Defendants, to keep costs down if the case could come to an early resolution. However, same does not mean that the Defendants did not intend to assert the CFAA, or that that intent was in any way hidden from Plaintiff. Plaintiff happens to complain about the time that passed before the Defendant moved to amend, when that period was enlarged by Plaintiff taking significant time to confer with Defendants on the amendment, interposing conferral with settlement negotiations.

The question as to whether the Plaintiff will be prejudiced by amendment is a different question than the Plaintiff thinks it is. The Plaintiff is, of course, disadvantaged by defending a counterclaim. However, that fact is irrelevant, the question is whether the Plaintiff is prejudiced in defending against the counter-claim or pursuing his own claims. There have been no depositions

in this case, discovery is not over for months, Plaintiff chose to serve discovery before the amendment deadline, which is a strategic choice that cannot be said to be the Defendants' causing prejudice to Plaintiff. The mediation is over, but it was the Plaintiff's choice to schedule it early in the litigation, Defendants did not object, because the possibility of a counterclaim being asserted may have made the case settle quickly.

> In determining whether to grant a motion to amend a pleading, the district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Gregory*, 634 F.2d at 203. While the district court is accorded discretion in arriving at its decision, a justifying reason must be apparent for denial of a motion to amend. *Foman*, 371 U.S. at 182, 83 S. Ct. at 230; *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (per curiam).

*Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir. Ga. June 26, 1990)

The amendment is not futile, it sufficiently pleads a violation of the CFAA, and there have not been prior amendment attempts. There is no dilatory motive, or undue delay, in filing for amendment, the amendment was moved for within the amendment deadline. There was a slight delay due to Defendant's health situation, and the Plaintiff's delay in conferring, but it did not cause prejudice to the Plaintiff. The motion to amend was made within the Court's deadline. The claim is a legitimate claim which there is evidence for, as the Plaintiff points out, in the form of a computer forensic investigation.

Simply because the counterclaim makes the claim more difficult, because the Plaintiff must be on offense and defense at the same time, does not mean it was brought for an improper or dilatory purpose, nor does it prejudice the Plaintiff. While the counterclaim means the Plaintiff

may have liability, it does not unjustly impact his ability to pursue his own claims, and, hence, does not prejudice Plaintiff.

The amendment is not futile, has not been repeatedly pled incorrectly or deficiently, is not for a dilatory purpose, was within the Court's deadline (not unduly delayed), and it does not unjustly impact the Plaintiff's ability to pursue his claim. Therefore, under the liberal amendment standard of Rule 15, the amendment should be allowed by the Court.

**CONCLUSION**

Plaintiff's Response argues that the standard under Rule 16 is not met for amendment of the Answer. This may, or may not, be true, but it is irrelevant as the amendment was moved for within the deadline and is, therefore, subject to Rule 15 and not Rule 16. The standard under Rule 15 is so liberal that it makes the term "discretion," regarding the Court's ability to grant leave to amend, misleading. ***See, supra.*** There is no reason to deny the motion to amend under Rule 15, which is the proper rule. Plaintiff's reliance on a Rule 16 analysis is misplaced and fatal to his opposition.

Plaintiff's response is further flawed in that it argues that there is no pendent jurisdiction for a state court claim. However, the CFAA is a Federal Statute that vests the Federal District Court with original jurisdiction. The CFAA claim is properly, and adequately, pled. Because the occurrence giving rise to the CFAA claim is part of the transaction under which Plaintiff was terminated, and for which he brings an action, the CFAA claim is inextricably intertwined with the claims brought in the Plaintiff's Complaint. Hence, the Defendant's Motion should be granted, and the Defendants should be permitted to amend.

Respectfully submitted, this 3rd day of December, 2018.

LUBELL & ROSEN, LLC
*Attorneys for Defendants*

200 S. Andrews Ave, Suite 900
Ft. Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail: jhs@lubellrosen.com

By: *s/Joshua H. Sheskin*
Joshua H. Sheskin, Esquire
Florida Bar No. 93028

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 3, 2018, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s *Joshua H. Sheskin*
Joshua H. Sheskin, Esquire
Florida Bar No: 93028

**SERVICE LIST**

***Jesus A. Barrios v. Southern & Caribbean Agencies, Inc. & Carlos A. Saenz***
Case No. 18-cv-21550-KMW

Zandro E. Palma, Esq.
Zandro E. Palma, P.A.,
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
zep@thepalmalawgroup.com
*Counsel for Plaintiff*

Joshua M. Bloom, Esquire
LUBELL & ROSEN, LLC
200 S. Andrews Avenue
Suite 900
Ft. Lauderdale, Florida 33301
jhs@lubellrosen.com
*Counsel for Defendants*