JESUS A. BARRIOS,

      Plaintiff,

v.

SOUTHERN & CARIBBEAN AGENCIES, INC.
and CARLOS A. SAENZ,

      Defendants.

_____/

### ORDER ON DEFENDANT'S MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES TO ADD A COUNTERCLAIM

The matter pending before this Court is a Motion to Amend filed on November 8, 2018 by Defendants SOUTHERN & CARIBBEAN AGENCIES, INC. and CARLOS A. SAENZ ("Defendants"). [D.E. 23]. In that Motion, Defendant ask for leave to file an Amended Answer to the FLSA Complaint filed by JESUS A. BARRIOS ("Plaintiff" or "Barrios") to add a Counterclaim for Plaintiff's alleged violations of the Computer Fraud and Abuse Act. *Id*. Plaintiff filed a Response in Opposition to the Motion on November 30, 2018 [D.E. 27], and Defendants' Reply followed on December 3, 2018. [D.E. 28]. The matter is therefore fully briefed and ripe for disposition. After our review of the parties' arguments, the relevant legal authorities, and the record before us, we will **DENY** the Motion.

## I. FACTUAL BACKGROUND

On April 18, 2018, Plaintiff initiated suit in this Court against Defendant, alleging that Southern and Saenz violated the Fair Labor Standards Act when both failed to pay overtime wages while he was employed with the company. [D.E. 1]. Plaintiff alleges that he worked as a bookkeeper for Defendants, but did not receive overtime pay beginning in April of 2017 despite the fact that he worked in excess of forty (40) hours a week. *Id.*, ¶¶ 8-11. The Complaint also includes a count for retaliation, as Plaintiff alleges that Saenz terminated his employment when he complained to management about his overtime wages. *Id.*, ¶¶ 15-18.

Defendants answered the Complaint on July 13, 2018. [D.E. 8]. Later that month, the Court entered a Scheduling Order that, among other things, required the parties to amend all pleadings by November 15, 2018. [D.E. 14]. The fact discovery cutoff date was set for February 28, 2019. *Id.*

One week before the deadline to amend pleadings, Defendants filed a Motion to Amend the Answer to the Complaint. [D.E. 23]. Defendants ask that they be given leave to amend to add a counterclaim against Plaintiff, arguing that he violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* ("CFAA"), while in Defendants' employ. *Id.* Defendant claims that it became aware of the alleged illicit activities engaged in by Plaintiff during discovery related to the FLSA claim, and now argue Plaintiff committed "violation[s] of the privacy of Defendants' computer system" and "sabotage of data [and] information within [that] computer system." *Id.*, p. 2. Defendants further contend that the CFAA violations constitute a compulsory

2

counterclaim, and since the period to amend pleadings had not yet expired at the time of filing, they should be provided leave to assert the intended counterclaim against Barrios.

Plaintiff opposes any amendment, claiming that substantial discovery has already taken place and Defendants waited until the last minute to ask this Court for leave to file such an amendment. [D.E. 27, p. 2]. Barrios also argues that the Motion should be denied because it is untimely, unduly prejudicial and futile, and because the counterclaim Defendants intend to assert is not compulsory, but permissive. *Id.*, p. 2.

## II. APPLICABLE LEGAL PRINCIPLES

### A. *Rule 15*

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. Under that rule, a party may amend any pleading once as a matter of course before a responsive pleading has been filed or within twenty-one (21) days after serving the pleading if no responsive pleading is allowed. Fed. R. Civ. P. 15(a)(1). In all other circumstances, a party must obtain written consent from the opposing party or leave of the court to amend a pleading, and a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

A court's discretion in deciding whether to grant or deny a motion to amend is not unlimited, however. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996) (citing *Espey v. Wainwright*, 734 F.2d 748 (11th Cir. 1984)). A district court should allow a party to amend under Rule 15 unless there exists a "substantial

3

countervailing reason" for not doing so. *Grayson*, 79 F.3d at 1110. Such "substantial countervailing reasons" include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party. *Id.* (citing *Nolin v. Douglas Cnty.*, 903 F.2d 1546, 1550 (11th Cir. 1990)). A court may also properly deny leave to amend when an amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

### B.  *The "Brennan" Rule*

Courts have generally been hesitant to permit employers to file counterclaims in FLSA actions to recover damages an employer alleges an employee's conduct occasioned. *See Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740-41 (5th Cir. 2010); *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) ("[T]he purpose of the present action is to bring [the employer] into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process."). To that end, the Fifth Circuit held in *Brennan v. Heard* that both setoffs and counterclaims are inappropriate in cases brought to enforce the minimum wage and overtime provisions of the FLSA. *See* 491 F.2d 1, 4 (5th Cir. 1974) (rev'd on other grounds by *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)). The *Brennan* Court emphasized that "[t]he federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors." *Id.* at 4. "The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards," and "[t]o clutter [FLSA] proceedings with

4

the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Id.*; *see also Matthews v. Applied Concepts Unleashed, Inc.*, 2012 WL 3150265, at *2 (S.D. Fla. Aug. 1, 2012) ("The requested set offs would force the Court to address the factual circumstances of numerous other claims unrelated to whether Plaintiff was adequately compensated according to minimum wage and overtime standards.").

The *Brennan* rule does not, however, preclude an employer from raising a set-off as an affirmative defense in a case "where the employee received overpayment of wages." *Leite v. Tremron, Inc.*, 2012 WL 4049962, at *3 (S.D. Fla. Sept. 13, 2012). "In such a case, the set-off would only reduce the overpayment while still maintaining the plaintiff's recovery of wages under the FLSA." *Id.* Most importantly, though, any setoff "that reduces the amount of overtime wages that a plaintiff is entitled to under the FLSA is [ ] inappropriate" because a proper setoff is only "against an overpayment or pre-payment of wages." *Id.*

### III. ANALYSIS

The parties' main dispute centers on whether the proposed counterclaim is compulsory or permissive. The Federal Rules provide that a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." *See* Fed. R. Civ. P. 13(a)(1)(A); *see also* 28 U.S.C. § 1367(a) (a district court will have supplemental jurisdiction over claims that "are so related to claims in the action within such original jurisdiction that they form part of

5

the same case or controversy under Article III of the United States Constitution.").[1] The Eleventh Circuit has adopted the "logical relationship" test for determining whether a counterclaim is compulsory. *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (citing *United States v. Aronson*, 617 F.2d 119, 121 (5th Cir. 1980)). Under this test, there is a "logical relationship" between claims when the same operative facts "serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (quoting *Plant v. Blazer Fin'l Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)).

The proposed counterclaim does not arise out of the "same operative facts." The evidence and witness testimony needed to prove Plaintiff's FLSA claim will differ greatly from the evidence needed to prove the CFAA counterclaim. *See Perez v. South Florida Landscaping Maintenance, Inc.*, 2014 WL 293774, at *1 (S.D. Fla. Jan. 23, 2014) (denying motion for leave to file amended answer to add counterclaim in FLSA case against plaintiff who failed to make payments on loan from employer). Plaintiff's evidence will presumably involve records related to the hours worked and the pay he received, in addition to witness testimony from his supervisors and co-workers concerning that work. *Id*. This evidence does not bear any relationship with the evidence Defendants will need to show in order to prove whether Plaintiff committed a CFAA violation prior to his termination, and so the claim cannot be seen as

---

[1] There can be no question that a claim brought pursuant to the FLSA provides a private right of action, grounded in federal law, and therefore we have federal question jurisdiction. 29 U.S.C. § 216(b); 28 U.S.C. § 1331.

compulsory. This is true even if Defendants attempt to connect Plaintiff's adverse employment action with his alleged "bad behavior." *See Hutton v. Grumpie's Pizza and Subs, Inc.*, 2008 WL 1995091, at *1 (S.D. Fla. May 7, 2008) (claim for overtime pay and counterclaim for stolen money do not arise out of the same set of operative facts); *Bullion v. Ramsaran*, 2008 WL 2704438, at *1 (S.D. Fla. July 7, 2008) (claim pursuant to FLSA and counterclaim for the plaintiff's shoddy work as a subcontractor do not arise out of same set of operative facts).

This does not end our inquiry. Generally speaking, if a counterclaim is found to be permissive rather than compulsory, the Court must find an independent jurisdictional basis – such as federal question or diversity jurisdiction – for the counterclaim to proceed. *See East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission*, 888 F.2d 1576, 1578 (11th Cir. 1989). Defendants counterclaim satisfies this requirement, as the CFAA provides us with federal question jurisdiction.

Additionally, a court must consider whether the permissive counterclaim asserts a "set-off" defense that occasionally arise in FLSA claims. Under certain circumstances, a set-off defense is inappropriate; as the *Brennan* decision makes clear, "[s]et-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions." *Id*. at 4. Despite this, there are circumstances when a set-off defense will be considered proper, so long as "the counterclaim is interposed defensively as a set-off to reduce a plaintiff's recovery

7

[without] seeking affirmative relief." *Id*. If this particular set-off exception applies, it would allow Defendants to present evidence to reduce Plaintiff's recovery should Barrios prevail on his FLSA claims. *Id*.

Nevertheless, we must also consider whether the permissive counterclaim constitutes an illicit "set-off defense" that are barred in FLSA cases. *South Florida Landscape Maintenance*, 2014 WL 293774, at *2 (collecting cases). There exists a line of cases recognizing that permissive counterclaims in FLSA claims may proceed. But any such set-off defense must be measured against the *Brennan* rule, and that decision sheds light on what constitutes an appropriate set-off against the amount due in back pay in an FLSA case. *Brennan*, 491 F.3d at 3. In rejecting set-offs that ultimately reduced a Plaintiff's recovery in an FLSA action, the former Fifth Circuit held that, while the defense of set-off is not per se barred in FLSA cases, we must make certain that any counterclaim does not run afoul of *Brennan* and its progeny. *See Singer v. City of Waco, Texas*, 324 F.3d 813, 828 n.9 (5th Cir. 2003) (overpayments of wages paid to employees in some work periods were appropriate set-off against shortfalls in other work periods).

We will deny the Motion to Amend because we find that the counterclaim constitutes an illicit set-off defense and therefore violates the *Brennan* rule. The facts here are straightforward: Plaintiff asserts that Defendants failed to comply with the FLSA's overtime wage provisions. Defendant, in answering the Complaint, has not asserted that they have made some form of overpayment of wages to Barrios, so any set-off arising from the counterclaim would not fall within the *Singer* exception to the

*Brennan* rule. The counterclaim instead seeks to recover non-FLSA damages from Plaintiff for his alleged violations of the CFAA; but any such recovery would directly cut into the "cash in hand" Plaintiff would receive should he prevail on his FLSA claim. *Brennan*, 491 F.2d at 4. For this reason, we deem the counterclaim to be an improper set-off defense to the FLSA action brought by Barrios, and find that *Brennan* and its progeny prevent Defendant from asserting its CFAA claim here. *See Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 WL 4807397, at *3 (S.D. Fla. Dec. 4, 2009); *Nelson v. CK Nelson, Inc.*, 2008 WL 2323892, at *3 (granting motion to dismiss counterclaim asserted by defendant who claimed FLSA plaintiff failed to repay rent used in connection with employment because it violated *Brennan* rule and finding that "allowing such a setoff would invariably cause Plaintiff not to receive the overtime payments he was allegedly entitled to under the FLSA."). As such, the counterclaim is improper under *Brennan*.

Defendants, in their Reply, argue that the counterclaim is "not being asserted as a set off," and that the Plaintiff "puts the cart before the horse" because we cannot determine if the potential FLSA award would be set-off by damages recovered by Defendants in the CFAA counterclaim. [D.E. 28]. We disagree. Defendant proposes an impossible standard; under this theory, a court could never dismiss, strike, or deny a claim for a particular type of set-off without first ascertaining damages, which at this stage of the proceedings would be impossible to do. If Defendants had their way, then, *all* setoffs would be appropriate because *no* Plaintiff can definitively determine whether its entitled to damages whatsoever at this point, let alone the exact amount.

9

This is not the law. Regardless of how Defendant wishes to couch its ultimate claim for damages – setoff or not – it would still violate the *Brennan* rule.

Our conclusion is bolstered by a recent case decided in this District. *See Perez v. Elite Imaging, LLC. See* 2017 WL 666108, at *1 (S.D. Fla. Feb. 17, 2017). In *Perez*, the defendant attempted to amend its answer to a complaint by asserting several counterclaims against an FLSA plaintiff, including a cause of action related to Florida's Computer Abuse and Data Recovery Act. *Id*. The defendant supported its Motion by arguing that leave should be given to amend under Rule 15 because the counterclaims were compulsory. *Id*. The plaintiff challenged this assertion, arguing that the claim was permissive because it involved "a distinct scenario regarding contentions of deleted and misappropriated computer data." *Id*.

Judge Huck determined that the counterclaim was not, in fact, compulsory, denying the Motion because it involved state law claims and no independent jurisdictional basis could sustain supplemental jurisdiction. *Id*. at *2. More relevant to our decision here, the defendants in that case raised CFAA as an additional means to allow the court to exercise jurisdiction over the counterclaims:

> The Eleventh Circuit recently clarified that damages of the type sought by Elite Imaging, *i.e.*, forensic and physical review of computer systems, are recoverable under the CFAA. Elite Imaging indicated that it is 'prepared to add this claim if the Court finds it necessary to do so as an independent basis for maintaining jurisdiction over the counterclaim.'

*Id*. (internal citations omitted). But the potential addition of a CFAA claim did not save the day for defendant; regardless of "whether the counterclaims are compulsory

or permissive," the Court determined that the counterclaim would be futile and barred by the *Brennan* rule.

> Elite Imaging argues that there is no allegation that [defendant] is seeking to reduce the cash in hand Plaintiff received in the past, or which he may receive as minimum wages from the FLSA claims. However, any recovery under Elite Imaging's counterclaims will necessarily reduce Plaintiff's FLSA overtime recovery and are [therefore] inappropriate. Elite Imaging does not allege that it overpaid Plaintiff, so any reduction of Plaintiff's FLSA damages would violate the *Brennan* rule by reducing Plaintiff's compensation below the FLSA statutory minimum.

*Id*. at *4. (emphasis added; internal quotations omitted). Judge Huck concluded by holding "even if Elite Imaging were to amend its proposed counterclaim to assert a CFAA federal claim, the counterclaims would still be disallowed for violation of the *Brennan* rule." *Id*.

We agree with Judge Huck's reasoning and find it applicable here. Any recovery by Defendants under the asserted counterclaim would necessarily reduce Plaintiff's FLSA overtime recovery. As "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards," allowing Defendants to proceed on the proposed counterclaim would simply "clutter [the] proceedings with the minutiae of other employer-employee relationships" that are "antithetical to the purpose of the Act." *Brennan*, 491 F.2d at 4.

## IV. CONCLUSION

Should Defendant wish to assert its CFAA claim, it is free to file a separate action. But it cannot assert its claims in this litigation, and so the Motion will be **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of January, 2019.

>/s/ *Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge