**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-21550-CV-WILLIAMS/TORRES

JESUS A. BARRIOS,

      Plaintiff,

v.

SOUTHERN & CARIBBEAN AGENCIES,
INC., and CARLOS A. SAENZ,

      Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

The matter before this Court is a Motion for Default Judgment filed by JESUS A. BARRIOS ("Plaintiff" or "Barrios") on July 22, 2019, [D.E. 64], referred to the undersigned by the Honorable Judge Kathleen M. Williams on August 12 of this year. [D.E. 66]. In the Motion, Plaintiff seeks entry of default judgment against Defendants SOUTHERN & CARIBBEAN AGENCIES, INC. ("S&C") and CARLOS A. SAENZ ("Saenz" or, collectively, "Defendants"), jointly and severally, for each's failure to appear and contest the allegations contained in the Complaint. After review of that Motion, the record evidence submitted in support of same, and the relevant legal authorities governing the matter, we hereby **RECOMMEND** that the Motion be **GRANTED in part** and **DENIED** in part, and that Plaintiff be awarded $72,168.00 in damages.

## *I. BACKGROUND*

We arrive at this point in the proceedings for one main reason: Defendants' perceived inability to maintain an amicable relationship with its own counsel. Barrios initiated this action more than a year ago, filing a Complaint on April 18, 2018 and asserting causes of action under the Fair Labor Standards Act ("FLSA"). [D.E. 1]. From then until now, three separate groups of attorneys have appeared on Defendants' behalf; yet each eventually sought to withdraw within a few months. During that same time, Defendants wholly failed to defend against Plaintiff's action or otherwise comply with its discovery obligations under the Federal Rules of Civil Procedure. At this point, we have no choice but to enter judgment in Plaintiff's favor.

On July 13, 2018, Defendants filed their Answer to the Complaint and asserted their affirmative defenses to Plaintiff's claims. [D.E. 8]. But issues soon arose, and three months later, on October 19, Defendants' counsel moved to withdraw, which this Court allowed on November 26. [D.E. 22, 26]. Defendants then utilized the services of another law firm for the next two months, but on February 8, 2019 that firm also sought to withdraw, citing irreconcilable differences. [D.E. 32, 35].

We granted that motion later that month, with a caveat: the withdrawing attorneys were required to notify Defendants that they *must* retain substitute counsel by March 8, 2019, as the law did not allow a corporation to represent itself pro se. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985); *National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Co.*, 782 F.2d 602, 609 (11th Cir. 1985). Defendants failed to comply with that Order, and during the

same time period refused to provide answers to Plaintiff's discovery requests. In light of these failures, Plaintiff asked that the clerk enter its default against the Defendants, which it did on March 12, 2019. [D.E. 40].

For a third time, an attorney appeared on behalf of Defendants, and it seemed as if the matter would proceed without further issue. To that end, Defendants immediately sought to set aside the clerk's entry of default [D.E. 45], arguing that it would now – equipped with new counsel – contest Plaintiff's allegations. We granted the Motion on June 13, 2019, setting aside the clerk's entry of default. [D.E. 57]. But later that same month, Defendants' counsel – for the third time – sought to withdraw from the case, claiming that the parties had irreconcilable differences that could not be resolved. [D.E. 58].

We granted the third Motion to Withdraw and notified Defendants that failure to obtain substitute counsel by July 8, 2019 would result in entry of default judgment against them. [D.E. 61]. Despite our best efforts, Defendants were never heard from again, and so on July 11 we directed Plaintiff to file a Motion for Default Judgment. [D.E. 63]. Plaintiff complied with our Order, and that Motion is now before this Court.

## II.   *LEGAL STANDARD*

A party seeking default judgment must follow a two-step process to obtain such relief. First, the clerk of court must enter a clerk's default if and when a defendant fails to defend a lawsuit filed against it. Fed. R. Civ. P. 55(a); *see also City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 128 (2d Cir. 2011) ("The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure

to defend the action, admitted liability to the plaintiff."). Armed with the clerk's entry of default, a plaintiff must then seek default judgment pursuant to Fed. R. Civ. P. 55(b), which may be entered against any non-answering party so long as the defendant is not an infant or incompetent person. *See* Fed. R. Civ. P. 55(b)(2).

"The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A court must still, however, review the sufficiency of the allegations contained within the complaint to determine if default judgment is appropriate. *See Nishimatsu*, 515 F.2d at 1206. "While a complaint…does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

### III.  ANALYSIS

Plaintiff brought this action to recover unpaid overtime wages under the FLSA. *See* 29 U.S.C. § 201, *et seq*. [D.E. 1, p. 4]. He also alleges that Defendants violated the anti-retaliation provisions of the statute when they terminated his employment after he complained he had not received overtime compensation despite working in excess of forty hours per week. *Id*. at 10. Since we must accept the facts pled in the Complaint

4

as true, we will now look to those allegations to determine whether Plaintiff can prevail on each of these claims.

### A. *Liability*

#### 1. *Count I – Unpaid Overtime*

Section 207 of the FLSA states that no employer shall "employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half-time the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To sufficiently plead a prima facie case of liability for unpaid overtime compensation under the FLSA, a plaintiff must establish that: (1) the defendant employed him; (2) the defendant is an enterprise engaged in interstate commerce covered by the FLSA or plaintiff is otherwise covered under the FLSA; (3) the plaintiff actually worked over forty hours a week; and (4) the defendant failed to pay any overtime wages. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

The first, third and fourth factors are adequately pled in the Complaint. Plaintiff alleges Defendants hired him as a bookkeeper to work forty hours a week for a five-day workweek, but then required him to work from 8:00 in the morning until 6:00 in the evening without providing a break for lunch. Despite working fifty hours for every week during his employment – a period covering forty weeks, beginning in April of 2017 and extending through January of 2018 – Plaintiff claims he never received overtime pay. [D.E. 1, ¶¶ 6-14].

As to the second factor, a defendant is considered to be an enterprise covered by the FLSA if: (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) the employer's annual gross volume of sales are equal to or greater than $500,000. *Joseph v. J.C. Law Service, Inc.*, 2011 WL 13070111, at *2 (S.D. Fla. Nov. 30, 2011) (citing *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009)). Plaintiff sufficiently pled facts establishing that Defendants operate an enterprise covered by the FLSA; he alleges that the company employs more than two employees and manages property both within and outside the state of Florida. [D.E. 1, ¶ 24]. Plaintiff also alleges that Defendants market their services to individuals and entities located outside this State, solicits and accepts funds from non-Florida sources, and utilizes instrumentalities and channels of interstate commerce during the course of operating its business. *Id.* Finally, Plaintiff asserts that Defendants' annual gross income exceeds $500,000.00 per year. *Id.*

As such, Plaintiff's allegations are sufficient to support his claim that Defendants violated the FLSA when it failed to pay him overtime compensation.[1]

---

[1] Both the corporate Defendant and Saenz, in his individual capacity, should be found jointly and severally liable. The Complaint alleges that Saenz retained financial and operational control over the agency, and determined terms and working conditions of its employees. This is sufficient for Saenz to be held liable under the FLSA. *See Patel v. Wargo*, 802 F.2d 632, 638 (11th Cir. 1986) ("To be personally liable, [the defendant] must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.").

### *2. Count II – Retaliation*

The FLSA also prohibits an employer from discharging "any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). Informal complaints made to an employer may serve as a "complaint" for purposes of the FLSA. *See E.E.O.C. v. White & Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989) ("[U]nofficial complaints expressed by [employees] to their employer about unequal pay constitute an assertion of rights protected under the statute."); *Perez v. Anastasia M. Garcia, P.A.*, 701 F. App'x 938, 941 (11th Cir. 2017) (email requesting overtime pay was sufficient to put defendant on notice that defendant "should reasonably understand the matter as part of its business concerns.") (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)).

A prima facie case of FLSA retaliation requires a plaintiff to show that: (1) he engaged in a protected activity under the FLSA; (2) he suffered an adverse action by his employer; and (3) a causal connection exists between his protected activity and the adverse action. *See Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000).

Here, Plaintiff asserts that he complained to his supervisor that he did not receive overtime compensation despite working in excess of forty hours per week. [D.E. 1, ¶ 16]. During that meeting, Plaintiff alleges that his supervisor terminated his employment, which became effective five days after he complained about the company's failure to pay him overtime. Such a complaint serves as a protected activity under the FLSA, *see White & Son Enterprises*, 881 F.2d at 1011, and his

termination is obviously an adverse employment action. The close temporal proximity between the protected act and the adverse employment action allows us to infer a causal connection between the two events, and so the allegations are sufficient to establish Plaintiff's retaliation claim. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (plaintiff satisfies the causal link element by providing evidence of "knowledge of the protected expression and that there was a close temporal proximity between this awareness and the adverse action.") (citation and quotation omitted); *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006).

Accordingly, we find that Plaintiff is entitled to default judgment as to Count II.

### B. *Damages*

If the admitted facts are sufficient to establish liability, the Court must then determine the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004). Damages may only be awarded if the record adequately reflects the basis of the award, which can be shown by the moving party's submission of detailed affidavits establishing the facts necessary to support the damages requested. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). An evidentiary hearing on the amount of damages is not required under Rule 55, and a Court may choose whether or not to hold such a hearing. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005);

8

*Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

### 1. *Overtime Damages*

With regard to the overtime claim, and as stated above, a plaintiff is entitled to be compensated for one and one-half times the regular rate for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1); *see also Walling v. Helmerich & Payne*, 323 U.S. 37, 42 (1944) ("[T]he parties to the contract must respect the statutory policy of requiring the employer to pay one and one-half times the regular hourly rate for all hours actually worked in excess of 40."). And it is well-established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes…the employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

Plaintiff submitted an affidavit in an effort to support his request for damages. *See* D.E. 64-1. This affidavit allows us to reach a determination on damages without holding a hearing. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (hearing not necessary if sufficient evidence is submitted to support the request for damages); *Abreu v. Free Flow Construction, Inc.*, 201 WL 6492902, at *3 (S.D. Fla. Oct. 11, 2018) (plaintiff's affidavit sufficient to

9

show amount and extent of work performed in light of defendant's default). As explained in that affidavit, Plaintiff seeks compensation for 10 hours of unpaid overtime for every week he worked, for a total of 40 weeks. With a basic rate of pay of $21.88 per hour – and a corresponding overtime pay rate of $32.82 – we find Plaintiff is entitled to $328.20 for unpaid overtime wages per week ($32.82 x 10 hours/week), and $13,128.00 in total overtime compensation ($322.80 x 40 weeks). We will not, however, award Plaintiff the "bonus pay" he claims he was entitled to, as we find that the evidence of record is insufficient to tie such an amount into the final award, and we are unconvinced that a cause of action brought forth under the FLSA would allow for the recovery of such damages.

Thus, Plaintiff should recover $13,128.00 in unpaid overtime.

### 2. *Retaliation Damages*

Next, we must determine a proper amount of damages for Defendants' violation of the statute's anti-retaliation provisions. Under the FLSA, an employer will be "liable for such legal or equitable relief as may be appropriate to effectuate the purposes of [the anti-retaliation provisions], including without limitation employment, reinstatement, promotion, and the payment of wages lost[.]" 29 U.S.C. § 216(b). Any damage award should "put the plaintiff in the place [he] would have been absent the employer's misconduct." *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000).

Plaintiff asks for a total of $52,203.00 in damages for Defendants' acts of retaliation. [D.E. 64-1]. He avers that he remained unemployed for 30 weeks following

his termination, and asks that the damages calculation include not only the 40 hours per week he would have worked at his regular rate had he remained in Defendants' employ, but an additional 10 hours per week at his overtime rate. *Id*. These damages would cover the 30-week period he claims could not find a job, but would not include the approximately $3,300.00 he received in unemployment benefits during that time period. *Id*.

In our view, this request is excessive. *See Isaula v. Chicago Restaurant Group, LLC*, 2014 WL 3477917, at *3 (S.D. Fla. July 11, 2014) (reducing former employee's request for eight months' backpay for defendant's retaliation to two months' worth in damages calculation). The statute says that an employer "shall be liable for such legal or equitable relief *as may be appropriate*" for purposes of enforcing the anti-retaliation provisions of the FLSA, 29 U.S.C. § 216(b), but those damages should not be penal in nature. *See Snapp*, 208 F.3d at 934. At the rate requested by Plaintiff, such an award would be plainly punitive; at Barrios' urging, Defendants would be responsible to pay more than a full years' salary at his base rate of $21.88, assuming a forty-hour workweek. Such a request is plainly excessive when compared to the 30-week period Plaintiff claims he remained unemployed, and so we find that a reduction is in order in light of this fact.

In our view, a more appropriate figure is simply one in which Plaintiff continued to work at his base rate for a 40-hour work week for the 30-week period he remain unemployed. Thus, we find that Plaintiff is entitled to $22,956.00 in damages for Defendants' unlawful retaliation, which is broken down as 30 weeks' pay for a

forty-hour workweek, at a rate of $21.88 per hour ($26,256.00), with $3,300.00 in unemployment benefits removed from that total.

### 3. *Liquidated Damages*

Finally, we must determine whether Plaintiff is entitled to liquidated damages. The FLSA allows for such an award "in an additional equal amount to" damages awarded under the FLSA's anti-retaliation and overtime provisions. 29 U.S.C. § 216(b). If a plaintiff establishes an FLSA violation, then the district court *must* award liquidated damages, unless the employer proves "that its violation was 'both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.'" *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (quoting *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1352-53 (5th Cir. 1980)). "Thus, the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith." *Id*.

Here, by virtue of default, Defendants have failed to provide this Court with any evidence that would allow us to infer that it acted in good faith. Thus, we find that an award of liquidated damages would not only be appropriate, but mandatory. *See* 29 U.S. § 216(b).

### IV. CONCLUSION

In accordance with our findings above, we hereby **RECOMMEND** that Plaintiff's Motion for Default Judgment be **GRANTED in part** and **DENIED in part**, and that the District Court enter an Order that:

1.  Enters final judgment against Defendants for violations of the FLSA for Plaintiff's unpaid overtime claim in Count I and his retaliation claim in Count II;

2.  Enters damages on Plaintiff's unpaid overtime claim in the amount of $13,128.00, and that an additional $13,128.00 be awarded as liquidated damages under 29 U.S.C. § 216(b).

3.  Enter damages on Plaintiff's retaliation claim in the amount of $22,956.00, with an additional award of $22,956.00 being entered as liquidated damages.

4.  The total amount of the final judgment should be $72,168.00, in favor of Plaintiff against all Defendants, jointly and severally.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Judge Kathleen M. Williams. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 20th day of September, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge